UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-11284-GAO

MSP Recovery Claims Series 44, LLC,
Plaintiff,

v.

Arbella Mutual Insurance Company et al,
Defendants.

OPINION AND ORDER
March 27, 2024

O'TOOLE, D.J.

Plaintiff MSP Recovery Claims Series 44, LLC ("MSP") commenced this suit against defendants Arbella Mutual Insurance Company, Arbella Indemnity Insurance Company, Inc., and Arbella Protection Insurance Company, Inc. (collectively "Arbella"). Plaintiff is seeking double damages for allegedly deficient medical expense reimbursements under the Medicare Secondary Payer Act ("MSP Act"), 42 U.S.C. § 1395y, (Count I) and a declaratory judgment pursuant to 28 U.S.C. § 2201 that the defendants are obligated to reimburse the plaintiff's assignor and share payment information (Count II). Defendants have moved to dismiss the action. The motion is denied in part granted in part.

The motion is denied without prejudice as to Count I. Taking all inferences in the plaintiff's favor, Count I is sufficient at this early stage of litigation. An adequate assessment of whether Count I should be dismissed requires further development of the relevant facts. Particularly, further information about the defendants' Section 111 reports, the alleged settlement agreement between the defendants and the representative beneficiaries, and any correspondence between the two parties prior to the suit would be helpful in this assessment.

The motion is granted as to Count II. The Declaratory Judgment Act authorizes a federal court to "declare the rights and other legal relations of any interested party" in a case of actual controversy. 28 U.S.C. § 2201. However, the Act "neither imposes an unflagging duty upon the courts to decide declaratory judgment actions nor grants an entitlement to litigants to demand declaratory remedies." Ernst & Young v. Depositors Econ. Prot. Corp., 45 F.3d 530, 534 (1st Cir. 1995). "Because the Act offers a window of opportunity, not a guarantee of access, the courts, not the litigants, ultimately must determine when declaratory judgments are appropriate and when they are not." Id. In other words, "federal courts retain substantial discretion in deciding whether to grant declaratory relief." Id.

Plaintiff "seeks a declaratory judgment from this Court establishing that Arbella has a historical, present, and continuing duty to reimburse BCBSRI for payments made on behalf of beneficiaries' accident-related medical expenses." (Compl. ¶ 79 (dkt. no. 1).) However, because the plaintiff has not alleged any facts to show that the defendants have a duty to reimburse BCBSRI for payments beyond the payments made to the representative beneficiaries in Count I, the only actual controversy between the parties is pled under Count I. Plaintiff's Count II seems to be a fishing expedition for information beyond the concrete dispute and is not appropriate for a declaratory judgment.

For the foregoing reasons, the defendants' Motion to Dismiss (dkt. no. 10) is DENIED as to Count I and GRANTED as to Count II.

It is SO ORDERED.

/s/ George A. O'Toole Jr.
United States District Judge